IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DOUGLAS MALLETT,

                    Plaintiff,

    v.

KEISHA OLIVER,[1]
TRISH ANDERSON,
KRISTINE DEYOUNG,
KATHY WHALEN and
SALAMULLAH SYED,

                    Defendants.

OPINION AND ORDER

19-cv-292-wmc

*Pro se* plaintiff Douglas Mallett contends that Columbia Correctional Institution ("Columbia") officials violated his constitutional and state-law rights in their handling of his 2016 wrist injury. The court granted Mallett leave to proceed on Eighth Amendment medical care and state-law negligence claims against defendants Trisha Anderson, Kathleen Whalen, Kristine DeYoung, Dr. Salam Syed and Keisha Oliver. Defendants have since moved for partial summary judgment on the grounds that Mallett failed to exhaust his administrative remedies for the claims against Whalen, Dr. Syed and Oliver. (Dkt. #17.) Because Mallett did not file an inmate complaint challenging the medical care provided by these three defendants, the court will grant defendants' motion, dismiss the federal claims against these defendants, and relinquish supplemental jurisdiction over the state-law claims against them. Because Mallett is proceeding on no other claims against Whalen, Dr. Syed or Oliver, the court will further dismiss all claims against them without prejudice.

---

[1] The court has modified the spelling of certain defendants' names to be consistent with their representations in their answer. (*See* dkt. #14.) The clerk of court is directed to make these changes in the case caption as well.

OPINION

## I.    Exhaustion

Prisoners may not bring a federal claim about events in prison "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  In other words, a prisoner must follow all of the prison's rules for completing its grievance process.  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  This includes:  (1) compliance with instructions for filing an initial, administrative grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) pursuing *all* available appeals from a denial of a grievance "in the place, and at the time, the prison administrative rules require," *Pozo*, 286 F.3d at 1025; *see also Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005) (same).  Moreover, "[e]xhaustion is necessary even if . . . the prisoner believes that exhaustion is futile."  *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006); *see also Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) ("An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement.").

The purpose of this exhaustion requirement is to afford prison administrators a fair opportunity to resolve a prisoner's grievance without litigation.  *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006).  Thus, a prisoner's failure to exhaust constitutes an affirmative defense, which defendant must prove.  *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).  Specifically, at summary judgment, defendants must show that: (1) there is no genuine dispute of material fact as to plaintiff's failure to exhaust; and (2) they are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In Wisconsin, prisoners must begin the exhaustion process by filing a grievance with an institution complaint examiner ("ICE") within 14 days after the incident giving rise to the grievance.  Wis. Admin. Code § DOC 310.07(2).  Among other requirements, a grievance must contain only one, clearly identifiable issue, as well as sufficient information for the Department of Corrections to investigate and decide the complaint.  § 310.07(5)-(6).  While the ICE may reject a grievance for specified reasons, § 310.10(6), the prisoner may still appeal the rejection to the appropriate reviewing authority within 10 days under § 310.10(10).  If the ICE accepts the grievance, then a recommendation is made to the reviewing authority, who in turn renders a decision.  §§ 310.10(12), 310.11.  However, if the ICE's recommendation is unfavorable, then the prisoner may appeal to the corrections complaint examiner ("CCE") within 14 days of the decision, unless good cause is shown for an untimely appeal.  § 310.12(1), (6).  Finally, the CCE makes a recommendation to the DOC Secretary, who will take final action on the prisoner's grievance.  § 310.13.

The court granted Mallett leave to proceed against all defendants for their involvement in responding to his complaints about wrist pain starting in June of 2016.  Specifically, Mallett alleged that Anderson and DeYoung refused to see him on June 7 when he reported pain, and that he had to wait until June 10 to be seen as a result, and that Whalen, Dr. Syed and Oliver subsequently were involved in responding to or reviewing his continuing complaints about pain.

In 2016, Mallett submitted two inmates complaints related to those claims.  The first was CCI-2016-12884, which Mallett submitted on June 18, 2016.  (*See* Ex. 1001 (dkt. #19-2) 14.)  Mallett alleged that he was denied immediate medical attention after he

injured his wrist on June 7, 2016, because he was not seen until June 10.  Mallett alleged that although Anderson and DeYoung were aware of his injury on June 7, both refused to see him that evening.  The ICE recommended affirming that inmate complaint, and the reviewing authority dismissed the complaint, sending copies to the Health Service Manager and Security Director for follow up.  Mallett appealed, and the CCE recommended his appeal be dismissed on the merits.

Mallett submitted a second inmate complaint on June 20, complaining that security staff failed to give him medical attention after he injured his wrist.  On June 23, the ICE returned the complaint to Mallett because he had not attempted to resolve the issue by contacting a lieutenant about the problem first.  Mallett did not resubmit that inmate complaint.

Four years later, in 2020, Mallett submitted another inmate complaint about his 2016 wrist injury.  In CCI-2020-18722, Mallett alleged that he had been asking for medical attention for his left wrist and left hip since July 2020, but he had not been seen.  The ICE rejected Mallett's complaint as submitted beyond the 14-calendar day deadline.  Mallett did not appeal this rejection.

Defendants seek summary judgment as to Whalen, Oliver and Syed because the only inmate complaint that Mallet properly exhausted, CCI-2016-12884, did not address any claims against them.  While defendants acknowledge that Mallett did not need to specifically name Whalen, Oliver or Syed in his inmate complaint, they correctly point out that Mallett *did* need to provide prison officials enough information to provide notice of the nature of his concerns.  Here, Mallett's complaint in CCI-2016-12884 was expressly

limited to the initial delay in being seen for his wrist pain between June 7 and June 10 of 2016.  Thus, in the only exhausted complaint, Mallett gave no notice of a continuing problem with the medical attention he was receiving for his wrist, nor did he suggest that any other healthcare professionals beyond DeYoung or Anderson had mishandled or ignored his wrist injury.  Therefore, in that complaint, Mallet did not provide prison officials the notice and opportunity to investigate the adequacy of the medical care that Whalen, Syed or Oliver later provided Mallett for his wrist injury.

Moreover, even ignoring his failure to follow the exhaustion procedures with respect to Mallett's two other inmate complaints related to his wrist injury, neither implicated Whalen, Syed or Oliver.  Specifically, in his 2016 complaint, which was returned and Mallett did not re-file it in accordance with Wisconsin's exhaustion procedures, he complained only about *security staff's* refusal to provide him medical attention, not about any medical attention he received or did not receive from healthcare staff.  In any event, the complaint was returned to Mallett.  Similarly, in 2020, Mallett complained about not receiving treatment for his wrist and hip, but did not challenge his medical care in 2016 provided by Whalen, Syed or Oliver, nor did he appeal the rejection of this inmate complaint, as required by the exhaustion procedures.  Therefore, these two other inmate complaints do not even arguably save Mallett's claims against these defendants from summary judgment.

Accordingly, the court will grant defendants' motion for partial summary judgment and dismiss Mallett's Eighth Amendment claims against Whalen, Syed and Oliver without prejudice.  *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to

exhaust is always without prejudice). Because no federal claims remain against these three defendants, the court will also relinquish jurisdiction over the state-law claims against them. *See Montano v. City of Chicago*, 375 F.3d 593, 602 (7th Cir. 2004) (courts consider the interest of fairness and judicial economy in considering whether to exercise supplemental jurisdiction over state-law claims). Those claims will be dismissed without prejudice as well.

## ORDER

IT IS ORDERED that:

1) Defendants' motion for partial summary judgment (dkt. #17) is GRANTED, and plaintiff's Eighth Amendment claims against defendants Kathy Whalen, Dr. Syed, and Keisha Oliver are DISMISSED without prejudice.

2) The court relinquishes supplemental jurisdiction over plaintiff's state-law claims against Whalen, Dr. Syed and Oliver, and those claims are DISMISSED without prejudice.

3) Thus, defendants Whalen, Dr. Syed and Oliver are DISMISSED from this lawsuit, and at the close of this case, the clerk of court is directed to enter judgment accordingly.

Entered this 19th day of July, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

6